IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT NASHVILLE

JUNE SESSION, 1994

FILED

June 30, 1997

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | C.C.A. NO. 01C01-9402-CC-00038 |
| | ) | |
| Appellant, | ) | |
| | ) | |
| | ) | MAURY COUNTY |
| VS. | ) | |
| | ) | HON. WILLIAM B. CAIN, |
| CHRISTOPHER LANGLEY, | ) | JUDGE |
| | ) | |
| Appellee. | ) | (Sentencing) |

DISSENTING OPINION

I cannot join the opinion of my distinguished colleagues affirming the sentence imposed by the trial court. I do not believe that the record in this case "affirmatively" shows that the trial judge considered the sentencing principles and all relevant facts and circumstances. The trial judge's brief reference to enhancement factors is quickly followed by his statement as follows:

> The long and the short of it is, I've either got to apply the enhancing factors and send him to the penitentiary, or apply the minimum sentence and put him on eight years of probation. No matter how we try to cut it, that's the alternative, and that's all of the alternatives that are available to the court. No useful purpose will be served by confining him.

While it is likely that the trial judge was aware of other sentencing alternatives, this statement leads me to conclude that these were the only two options "considered" by the court. Obviously, this "all or nothing approach" to the manner in which sentences may be served disregards a wide array of sentencing options, including split confinement, which are available for consideration. Tenn. Code Ann. § 40-35-104(c); see State v. Barbara D. Frank, C.C.A. NO. 03C01-

9209-CR-00303, Blount County (Tenn. Crim. App., Knoxville, Dec. 22, 1993). Also, I do not believe that the trial judge properly considered the enhancement factors and other relevant facts and circumstances applicable to the Defendant's sentence. The judge stated that "beyond these incidents involving these small children," the Defendant's record was "exemplary." The Defendant's admitted lengthy involvement with marijuana and other factors in his background do not demonstrate an "exemplary" record. In short, from this record, I cannot afford this sentence the presumption of correctness and therefore, I believe it is my duty to review this sentence <u>de</u> <u>novo</u>.

Because the Defendant was convicted of a Class B felony, he does not enjoy a presumption that he is a favorable candidate for alternative sentencing options. <u>See</u> Tenn. Code Ann. § 40-35-102(6). I believe that the record supports the existence of three enhancement factors applicable to the Defendant's sentence: (1) The Defendant has a previous history of criminal convictions or criminal behavior in addition to those necessary to establish the appropriate range, (2) a victim of the offense was particularly vulnerable because of age, and (3) the Defendant abused a position of private trust. Tenn. Code Ann. §§ 40-35-114(1), (4) and (15). There are some positive factors in the Defendant's history and background which might be considered in mitigation. Tenn. Code Ann. § 40-35-113(13).

The injuries inflicted upon the ten-month-old victim were serious. As the trial judge stated, "One thing is crystal clear in this case, and that is that somebody beat the hell out of [the victim]." Although the Defendant denied any responsibility for the crime, the jury did not believe him and resolved the issue by

finding him guilty.  As noted by my colleagues, this record would easily support a denial of probation.  I believe this case calls for a sentence of incarceration.  Therefore, I respectfully dissent.

                                        _____
                                        DAVID H. WELLES, JUDGE